IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARY FRANCES BLACKARD;**
**ERVIN BOOTH; LYNN BOOTH;**
**MILDRED ELAINE BOOTH; BRYAN**
**BROOME and IRIS DEZILE BROOME;**
**LIGHTHOUSE RESCUE MISSION, INC.;**
**JASON LEE SHOWERS; EDGAR SMITH;**
**KENNETH THRONSON; and ALKEN**
**WATTS**                                                               **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 2:12-cv-175-KS-MTP**

**HERCULES, INC.; and ASHLAND, INC.**                          **DEFENDANTS**


<u>**MEMORANDUM OPINION AND ORDER**</u>

        This matter is before the Court on the Defendants Hercules, Inc. and Ashland,

Inc.'s Motion to Strike Expert Witness Testimony ("Motion to Strike") [199].  Having

considered the submissions of the parties, the record, and the applicable law, the Court

finds that the motion should be granted.


<u>**I.  RELEVANT BACKGROUND**</u>

        The above-captioned Plaintiffs own certain parcels of land located in the City of

Hattiesburg, Forrest County, Mississippi.  Defendant Hercules operated a chemical

production facility (the "Facility") in Hattiesburg from 1923 until approximately 2009.

Defendant Ashland purchased Hercules in 2008.

        On October 2, 2012, Plaintiffs filed suit against Hercules and Ashland in this

Court.  (*See* Compl. [1].)  Subject matter jurisdiction is asserted on the basis of diversity

of citizenship under Title 28 U.S.C. § 1332.  Plaintiffs allege, *inter alia*, that the Defendants improperly disposed of hazardous substances at the Facility; that the hazardous substances contaminated the soil and groundwater underneath the Facility; and, that the substances migrated through the environment and damaged their properties.  The Complaint asserts the following state law causes of action:  negligence; gross negligence; negligence *per se*; private nuisance; and trespass.  Plaintiffs subsequently filed their First Amended Complaint [21], adding a cost recovery claim under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a).

On November 20, 2013, Plaintiffs designated several individuals as expert witnesses, including Dr. Tresa Roebuck-Spencer and Dr. Jonas Kalnas.  (*See* Doc. No. [187-1].)  Dr. Roebuck-Spencer was designated as a neuropsychologist to "testify regarding plaintiffs' mental and emotional reactions to knowledge of contamination on and around their properties originating from the Hercules facility."  (Doc. No. [187-1] at p. 2.)  Dr. Roebuck-Spencer evaluated nine (9) of the individual Plaintiffs to determine "the emotional/psychological impact of information and belief that" hazardous substances emanating from the Facility were damaging their properties.  (Doc. No. [252-3 at ECF pp. 1, 13, 26, 38, 52, 64, 76, 87, 99].)  Dr. Roebuck-Spencer determined that six (6) of the Plaintiffs experienced either significant or negative emotional reactions upon learning that their properties may have been contaminated by hazardous waste from the Facility; that one (1) of the Plaintiffs experienced a limited emotional reaction upon learning of the possible contamination of his property; that one (1) of the Plaintiffs had pre-existing psychiatric conditions that precluded any conclusive determination of

the Plaintiff's emotional reaction; and, that the remaining Plaintiff's evaluation was inconclusive due to response patterns consistent with exaggeration or overreporting of symptoms.  (*See* Doc. No. [200-2].)  According to Dr. Roebuck-Spencer, several of the Plaintiffs experiencing emotional reactions reported fears of future illness, such as cancer.

Dr. Kalnas is a licenced physician specializing in occupational and environmental medicine.  He was retained to determine "whether residents of the city of Hattiesburg may be experiencing emotional distress due to environmental worry and economic loss related to contaminants from the Hercules industrial site . . . ."  (Dr. Kalnas Report [200-1] at p. 2.)  Dr. Kalnas has offered an affirmative opinion on this issue based on his professional background and review of certain materials, such as available medical records and the Plaintiffs' depositions.  Dr. Kalnas expects that "environmental sampling results will clarify the extent of contamination of the plaintiffs' properties, and psychological evaluations [conducted by Dr. Roebuck-Spencer] will provide measures of the level of emotional distress in the plaintiffs compared to the general population."  (Dr. Kalnas Report [200-1] at pp. 37-38.)  It appears that a significant portion of Dr. Kalnas' expected testimony focuses on the Plaintiffs' emotional worries associated with the fear of contracting cancer.

On December 18, 2013, Defendants filed their Motion to Strike [199], requesting that the Court preclude Dr. Kalnas and Dr. Roebuck-Spencer from offering expert testimony in this action.  The motion has been fully briefed and the Court is ready to rule.

## II.  DISCUSSION

A trial judge has a "gatekeeping obligation" under Federal Rule of Evidence 702 to ensure that all expert testimony is both reliable and relevant.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) (citing *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)).  "The relevance prong requires the proponent to demonstrate that the expert's reasoning or methodology can be properly applied to the facts in issue."  *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (citation and internal quotation marks omitted).  Defendants argue that the opinions of Drs. Kalnas and Roebuck-Spencer are irrelevant and thus inadmissible for several reasons:  (i) Plaintiffs cannot recover damages for mental anguish and/or fear because these damages have not been pled with specificity; (ii) Mississippi law does not authorize recovery for fear of future illness; and, (iii) Plaintiffs cannot recover for mental anguish because they have not sustained any physical injury or harm necessitating treatment by a physician.

Plaintiffs admit that there are no claims for infliction of emotional distress before the Court.  Nonetheless, Plaintiffs argue that the opinions of Drs. Kalnas and Roebuck-Spencer are relevant to their private nuisance claim, seeking damages for annoyance, discomfort, and inconvenience associated with the loss of enjoyment of property. Plaintiffs further contend that numerous documents produced during discovery show that the Defendants were aware prior to this suit being filed of the potential negative psychological and emotional reactions the Plaintiffs would suffer upon learning that pollution was escaping from the Facility.

Damages for emotional distress and mental anguish must be pled with specificity

under Federal Rule of Civil Procedure 9(g).  *See Goods v. Horace Mann Life Ins. Co.*, No. 5:05cv169, 2006 WL 2474001, at *3 (S.D. Miss. Aug. 25, 2006) (finding that 28 U.S.C. § 1332(a)'s amount in controversy requirement was not met in part because the plaintiffs did not claim emotional distress damages in the complaint); *accord Woodkrest Custom Homes Inc. v. Cooper*, 108 So. 3d 460, 465 (¶ 13) (Miss. Ct. App. 2013) (providing that damages for mental anguish or emotional distress are special damages, which must be pleaded).  There is no explicit claim for emotional distress damages in the Complaint [1] or Amended Complaint [21].  Further, the Plaintiffs have not sought to amend the pleadings to assert such a claim.  *See Crosby v. Old Republic Ins. Co.*, 978 F.2d 210, 211 n.1 (5th Cir. 1992) (providing that the failure to plead special damages may be cured by amendment).  Therefore, the central issue before the Court is whether the Plaintiff's request for private nuisance damages necessarily encompasses a claim for emotional or mental harm.

The general measure of damages in a nuisance case is the depreciation in value of the plaintiff's property.  *See Phillips v. Davis Timber Co.*, 468 So. 2d 72, 79 (Miss. 1985) (citations omitted).  In addition, an aggrieved landowner may obtain recovery for annoyance, discomfort, inconvenience, and sickness in the form of special or incidental damages.  *See, e.g.*, *City of Jackson v. Keane*, 502 So. 2d 1185, 1187 (Miss. 1987); *Phillips*, 468 So. 2d at 79; *Alfred Jacobshagen Co. v. Dockery*, 243 Miss. 511, 139 So. 2d 632, 634 (Miss. 1962); *City of Oxford v. Spears*, 228 Miss. 433, 87 So. 2d 914, 916 (Miss. 1956).  Where these are the only damages sought, to the exclusion of a loss in property value, they "may be said to be . . . principal, rather than . . . incidental," damages.  *Shaw v. Owen*, 229 Miss. 126, 90 So. 2d 179, 181 (Miss. 1956) (citations

omitted).  Further, the Mississippi Supreme Court has found the extent to which a landowner is annoyed or discomforted by another's use of property to be relevant in determining the existence of a nuisance in the first instance.  *See Biglane v. Under the Hill Corp.*, 949 So. 2d 9, 14-15 (¶¶ 18-28) (Miss. 2007).

Undoubtedly, there is a mental component to annoyance or discomfort arising from interference with the use and enjoyment of property.  However, the Plaintiffs fail to cite, and this Court has not identified any Mississippi Supreme Court decision providing that damages for annoyance/discomfort are one and the same as damages for emotional distress/mental anguish.  Two opinions from Mississippi's highest court suggest that distinguishing between these harms is more than mere semantics.  *See Miss. State Highway Comm'n v. Herring*, 241 Miss. 729, 133 So. 2d 279 (Miss. 1961); *Miss. Power Co. v. Byrd*, 160 Miss. 71, 133 So. 193 (Miss. 1931).  *Herring* was a condemnation proceeding involving 13.2 acres of land.  *See Herring*, 133 So. 2d at 280. In finding the jury's verdict to be grossly excessive, the court noted that "inconvenience" associated with the landowner being cut off from a portion of his property could be factored into the damage award, while the "emotion" arising from the taking "is not an element of damage."  *Id.* at 281 (citations omitted).  In *Byrd*, the plaintiff claimed that Mississippi Power illegally deprived him of electrical service.  *See Byrd*, 133 So. at 193. The jury awarded the plaintiff $500.  *See id.*  The Mississippi Supreme Court reversed on the issue of damages.  *See id.* at 195.  The court found that the trial judge erred in giving an instruction that authorized the jury to consider "mental pain," as well as "inconvenience and annoyance" as elements of compensatory damages.  *See id.* at 194-95.  Damages for mental suffering were unavailable since the plaintiff did not incur

-6-

any physical injury as a result of being deprived of power for two days.  *See id.* at 194.

Although neither *Herring* nor *Byrd* involved a nuisance cause of action, both opinions are in accord with comment *b* to section 821D of the Restatement (Second) of Torts.  Section 821D defines a private nuisance as "a nontrespassory invasion of another's interest in the private use and enjoyment of land."  Restatement (Second) of Torts § 821D (1979).  Comment *b* distinguishes between freedom from discomfort or annoyance while using land and freedom from emotional distress.  "The latter is purely an interest in personality and receives limited legal protection, whereas the former is essentially an interest in the usability of land and, although it involves an element of personal tastes and sensibilities, it receives much greater legal protection."  Restatement (Second) of Torts § 821D cmt. b.[1]  Plaintiffs cite various provisions of the Restatement (Second) of Torts, but overlook the plain wording of comment *b* to section 821D.

*Herring*, *Byrd*, and the Restatement aside, several Mississippi appellate decisions address claims for nuisance and emotional distress damages separately.[2]  There appears to be good reason for allegations of emotional distress being given

---

[1] *See also Babb v. Lee County Landfill SC, LLC*, 405 S.C. 129, 747 S.E.2d 468, 473 (S.C. 2013) (quoting comment *b* on the way to holding that damages for personal injuries are not available in an action for temporary trespass or nuisance); *Gumz v. N. States Power Co.*, 295 Wis. 2d 600, 721 N.W.2d 515, 521 (¶ 23) (Wis. Ct. App. 2006) (quoting comment *b* and finding that "annoyance and inconvenience do not encompass emotional distress"), *aff'd*, 305 Wis. 2d 263, 742 N.W.2d 271 (Wis. 2007).

[2] *See Prescott v. Leaf River Forest Prods., Inc.*, 740 So. 2d 301, 309-12 (¶¶ 16-23) (Miss. 1999); *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 170-72 (¶¶ 26-34), 178-79 (¶¶ 59-64) (Miss. 1999); *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 657-64 (Miss. 1995); *Williams v. King*, 860 So. 2d 847, 851-52 (¶¶ 21-24) (Miss. Ct. App. 2003).

separate attention, *viz.*, Mississippi law limits recovery for this type of harm in numerous respects.  Mental anguish or emotional distress "'is a nebulous concept and requires substantial proof for recovery.'"  *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 64 (¶ 27) (Miss. 2004) (quoting *Morrison v. Means*, 680 So. 2d 803, 805 (Miss. 1996)).  An action for intentional infliction of emotional distress requires the defendant's "conduct to be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 85 (¶ 23) (Miss. Ct. App. 2004) (citation omitted).  Where ordinary negligence is at issue, "the plaintiff must prove some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant."  *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208 (¶ 40) (Miss. 2001) (citations omitted).[3]  As a corollary, "Mississippi does not recognize a cause of action for fear of possibly contracting a disease at some point in the future."  *Paz v. Brush Engineered Materials, Inc.*, 949 So. 2d 1, 5 (¶ 15) (Miss. 2007) (citation omitted).  Recovery for emotional distress based on the fear of future illness must await the manifestation of a disease, or be supported by proof of substantial exposure to a harmful agent and medical evidence indicating the likelihood of future illness.  *See Ferguson*, 662 So. 2d at

_____

[3] There is a relaxed or "permissive" view recognized in Mississippi under which a plaintiff may recover for emotional distress caused by ordinary negligence as long as the injury was reasonably foreseeable by the tortfeasor.  *Id.* at 1208 (¶ 41).  However, the more stringent view, requiring proof of demonstrable physical or mental injury, has been more consistently applied by federal district courts in Mississippi and the Mississippi Supreme Court.  *See Montgomery v. CitiMortgage, Inc.*, 955 F. Supp. 2d 640, 653 (S.D. Miss. 2013) (citing cases).

650, 658.  The Court is unaware of any authority allowing a plaintiff to avoid the preceding legal principles by seeking damages for emotional distress under the guise of annoyance or discomfort associated with a private nuisance.  *Cf. Mongtomery v. CitiMortgage, Inc.*, No. 2:12cv7, 2013 WL 3895046, at *3 (S.D. Miss. July 29, 2013) (determining that a litigant cannot recover damages for emotional distress in contradiction of many of the preceding rules by alleging negligence and omitting a specific claim for negligent or intentional infliction of emotional distress).  Therefore, the Court finds that the Plaintiffs' request for private nuisance damages does not fairly encompass or authorize recovery for emotional distress or mental anguish.

The Court further concludes that there is no legally cognizable claim for emotional distress damages at issue in this action.  As noted above, Defendants contend that Plaintiffs are unable to recover for fear of future illness or damage under Mississippi law.  Defendants also argue that damages for mental anguish are unavailable in this action since no Plaintiff has alleged a physical injury or sustained mental harm requiring treatment by a physician.  The Plaintiffs' opposition to the Motion to Strike [199] fails to contest these assertions.  Moreover, a recent filing by the Plaintiffs on a separate matter seems to concede their ability to recover damages for personal injuries altogether.  "Plaintiffs do not allege that these contaminants have caused them any present physical injury, nor do they assert any claim for increased risk of illness or future physical injury. . . .  Plaintiffs in this case seek vindication of rights to property, not human health . . . ."  (Pls.' Mem. in Supp. of Mot. to Exclude the Testimony of Dana Hebert [290] at p. 2.)  If the Plaintiffs are unable (or unwilling) to meet the substantive requirements for obtaining emotional distress damages under Mississippi

law, it matters little whether such damages are explicitly or implicitly pleaded.

Dr. Kalnas is of the opinion that Plaintiffs "are experiencing emotional distress due to environmental worry and anticipated economic loss related to contaminants from the Hercules industrial site." (Dr. Kalnas Report [200-1] at p. 37.) Dr. Roebuck-Spencer is expected to opine that six (6) of the Plaintiffs experienced either significant or negative "emotional reaction[s]" upon learning that their properties "may have been contaminated by hazardous waste from the Hercules, Inc. facility". (Doc. No. [200-2].) These opinions cannot "be properly applied to the facts in issue" in this cause given the absence of any cognizable claim for mental or emotional distress. *Johnson*, 685 F.3d at 459. Thus, the opinions are irrelevant and will be excluded from the evidentiary record in this action.

Plaintiffs' argument that the Defendants had pre-suit notice of the likelihood that individuals in the community would suffer negative emotional reactions upon being advised of pollution from the Facility does not alter the preceding determinations. Any given act or omission may give rise to a number foreseeable injuries. Yet, only those injuries asserted and proven in a civil action allow for the recovery of damages. In addition, the foreseeability of the Plaintiffs worrying about cancer or the development of some other disease due to environmental contamination fails to alter the fact that "Mississippi does not recognize a cause of action for fear of possibly contracting a disease at some point in the future." *Paz*, 949 So. 2d at 5 (¶ 15).

Plaintiffs' suggestion that the testimonies of Drs. Kalnas and Roebuck-Spencer are necessary to establish the Defendants' liability for a private nuisance is also unavailing. (*See* Pls.' Reply in Opp. to Mot. to Strike [238] at p. 10.) Each Plaintiff may

offer his or her own testimony concerning how alleged environmental contamination from the Facility has interfered with "'the use and enjoyment of his property.'" *Biglane*, 949 So. 2d at 14 (¶ 18) (quoting *Ferguson*, 662 So. 2d at 662).  Plaintiffs may further testify as to how the enjoyment of their properties has been "rendered materially uncomfortable and annoying" as a result of the Defendants' alleged acts or omissions. *Dockery*, 139 So. 2d at 634 (affirming the chancellor's ruling that an animal rendering plant constituted a nuisance and award of special damages for "substantial discomfort, inconvenience, and annoyance resulting from the excessive, obnoxious odors and stenches" emanating from the plant).  The members of the jury can then decide "[i]f *normal persons living in the community* would regard the invasion in question as definitely offensive, seriously annoying or intolerable," without an expert witness opining that Plaintiffs have suffered emotional distress or negative emotional reactions. Restatement (Second) of Torts § 821F cmt. d (emphasis added).[4]


### III.  CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that the Defendants' Motion to Strike [199] is granted.  Dr. Jonas Kalnas and Dr. Tresa Roebuck-Spencer are precluded from offering expert testimony at trial regarding the Plaintiffs' alleged emotional distress, mental

---

[4] The specific extent to which the Plaintiffs' testimonies may reference stress, anxiety, aggravation, or any other state of mind is not before the Court.  Thus, the Court will refrain from issuing an advisory opinion on this issue at the present time.

anguish, negative emotional reactions, or fears of future illness purportedly resulting from the environmental contamination of their properties.

SO ORDERED AND ADJUDGED this the 24th day of April, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE