IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARY FRANCES BLACKARD, ET AL().**                                **PLAINTIFFS**

**v.**                                      **CIVIL ACTION NO.: 2:12-cv-175-KS-MTP**

**HERCULES, INC., ET AL.**                                         **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Compel [321] and Defendants' Motion to Strike [335]. Having considered the submissions of the parties, the Court finds that Plaintiffs' Motion to Compel [321] should be granted in part and denied in part and that Defendants' Motion to Strike [335] should be denied.

## BACKGROUND

On April 18, 2014, Plaintiffs filed their Motion to Compel seeking an order from this Court compelling the production of documents found in two separate privilege logs: Defendants' privilege log and the ARCADIS privilege log. Plaintiffs' memorandum brief [322] and amended memorandum brief [323] exceeded the page limit set forth in Local Rule 7(b)(5). Plaintiffs did not seek leave to file excess pages. Accordingly, on April 24, 2014, the Court enter an Order requiring Plaintiffs to show cause why their briefs should not be stricken. (Order [328].) On April 29, 2014, Plaintiffs filed their response to the Court's Order. (Response [329].)

Defendants did not respond to Plaintiffs' Motion to Compel. Instead, Defendants filed a Motion to Strike the Motion to Compel, arguing that the Motion to Compel is untimely under Local Rule 7(b)(2)(B) and exceeds the page limit set forth in Local Rule 7(b)(5). Plaintiffs responded, arguing that the circumstances of this case justify the timing of their Motion and the

1

length of their briefs. (Response [370].)

## ANALYSIS

**Excessive Pages**

As set forth in the Court's Order to Show Cause [328], Plaintiffs' briefs exceeding the Local Rule's page limitation. Plaintiffs' justification for the length of their briefs is that they chose to address both Defendants' privilege log and the ARCADIS privilege log in the same motion because the two privilege logs involve similar alleged deficiencies that are largely governed by a singular body of law. The Court reminds Plaintiffs that a request for leave of Court to exceed the Local Rule's page limitation should be filed and granted by the Court before a party submits a document that exceeds the page limitation. The Court, however, will not strike Plaintiffs' motion or briefs based on the circumstances presented.

**Defendants' Privilege Log**

On September 13, 2013, Defendants served their privilege log in response to Plaintiffs' discovery requests. (Motion [321] Ex. C.) On October 25, 2013, Defendants served their first amended privilege log. (Motion [321] Ex. D.) Plaintiffs first raised concerns regarding the privilege log in a letter dated January 10, 2014. (Motion [321] Ex. J.) On February 13 and February 26, 2014, Plaintiffs contacted Defendants regarding the privilege log and their concerns. (Motion [321] Exs. L & M.) On February 26, 2014, Defendants responded with a letter and a third amended privilege log. (Motion [321] Exs. F & M.) On March 11, 2014, the parties corresponded regarding the privilege log and Plaintiffs' intention to file a motion to compel. (Response [370] Ex. B.) In a letter dated March 12, 2014, Plaintiffs again raised concerns regarding the privilege log. (Motion [321] Ex. O.) On March 19, 2014, Defendants

responded with a letter and a sixth amended privilege log.[1] (Motion [321] Ex. I; Motion [335] Ex. D.) On April 18, 2014, Plaintiffs filed their Motion to Compel.

Plaintiffs' Motion to Compel was filed 21 days after the discovery deadline. The Case Management Order originally set October 1, 2013, as the discovery deadline. (Order [22].) On September 6, 2013, the Court granted Plaintiff's request to reset the case deadlines and set a discovery deadline of March 3, 2014. (Order [172].) On February 13, 2014, the Court again granted Plaintiff's request to reset certain case deadlines. (Text Order dated February 13, 2014.) The Court set March 28, 2014, as the discovery deadline. *Id.*

"A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(B). Plaintiffs assert that the timing of their Motion to Compel was the result of good faith efforts to resolve the parties disputes without the Court's involvement. Indeed, it is apparent from the record that the parties, starting on January 10, 2014, were engaged in efforts to resolve their disputes regarding Defendants' privilege log and that Defendants urged further discussions without the Court's involvement.

However, the parties also have a duty to timely follow-up on discovery requests and timely move to compel when necessary. This Court has previously explained,

> Obviously, problems can arise and the Court should be reasonable in working with the attorneys where necessary. However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. **If he fails to do so, he acts at his own peril. He must not expect the Court to extend discovery and/or the trial date because of the failure of the other party to respond, even if that failure is**

---

[1] Defendants had previously served their fourth and fifth amended privilege logs on March 3 and March 13, 2014. (Motion [321] Exs. G & H.)

**in bad faith.**

*Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) (emphasis added).

Plaintiffs received Defendants' privilege log on September 13, 2013, but waited until January 10, 2014, to begin addressing their concerns. (Motion [321] Exs. C & J.)  Plaintiffs were aware of the need to bring this issue before the Court in a timely manner.  In their February 26, 2014, correspondence with Defendants, Plaintiffs stated "we will need to afford the Court ample time to sift through whatever issues may remain before the close of discovery.  In short, given the looming discovery deadline, we're sort of past merely wanting your clients' responses; we need them." (Motion [321] Ex. M.)  Thereafter, on March 12, 2014, Plaintiffs stated, "given the restrictions put in place by the Court's Case Management Order, we must insist that your clients provide a substantive response to this letter no later than the close of business . . . Monday, March 17, 2014." (Motion [321] Ex. O.)

Plaintiffs received the final version of the privilege log on March 19, 2014, nine days prior to the discovery deadline. (Motion [321] Ex. I; Motion [335] Ex. D.)  Plaintiffs, however, did not request an extension of the discovery deadline.  Instead, Plaintiffs waited nearly a month and filed their Motion to Compel.

In this case, the discovery deadline has long since passed and the trial is approximately two months away.  All parties were provided extensive time to conduct discovery.  Plaintiffs failed to timely follow-up on their discovery requests regarding Defendants' privilege log.  Accordingly, Plaintiffs' Motion to Compel should be denied as untimely as it relates to Defendants' privilege log. *See Turnage v. General Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992) (affirming district court's denial of plaintiff's request to inspect circuit breaker based on "(i) the

imminence of trial, (ii) the impending discovery deadline, and (iii) Turnage's failure to request an inspection earlier"). The Court, however, finds no reason to strike the Plaintiffs' Motion from the record. Therefore, Defendants' Motion to Strike should be denied as it relates to Defendants' privilege log.

**ARCADIS Privilege Log**

Defendants also claim that Plaintiffs' Motion to Compel documents identified in the ARCADIS privilege log is untimely. On September 4, 2013, Plaintiffs served a subpoena *duces tecum* on ARCADIS U.S., Inc. (Motion [321] Exs. P & Q.) Previously, on August 28, 2013, the parties discussed the fact that Defendants would conduct a privilege review of ARCADIS's documents. (Motion [335] Ex. E.) On November 1 and November 8, 2014, Defendants produced the ARCADIS documents. (Attachment [337] Exs. G & H.) Defendants did not serve a privilege log with the documents. Nearly five months later, on March 27, 2014, Defendants produced the ARCADIS privilege log. (Motion [321] Ex. W.) As previously mentioned, the next day, March 28, 2014, was the discovery deadline. Plaintiffs filed their Motion to Compel on April 18, 2014.

The Federal Rules of Civil Procedure and the Local Rules of this Court make it clear that Defendants had a duty to produce a privilege log containing at least the name of any withheld document, a description of the document, and the nature of the privilege asserted. *See* Fed. R. Civ. P. 26(b)(5)(A) & 45(e)(2)(A); L.U. Civ. R. 26(a)(1)(C). This is required in order that the parties and the Court can make a meaningful determination regarding the merits of the claim of privilege. Defendants waited until the day before the discovery deadline–nearly five months after they produced the ARCADIS documents–to produce the ARCADIS privilege log. This was an unreasonable delay.

Defendants do not offer an excuse for the delay other than asserting that Plaintiffs did not request a privilege log. Plaintiffs had no duty to request a privilege log.[2] It is fundamental that Defendants had a duty to produce a privilege log, even without request from Plaintiffs. Thus, Defendants' failure to timely produce a privilege log is not justified by the fact that Plaintiff did not request a privilege log.

Defendants also assert that, despite the untimely production of the privilege log, Plaintiffs did not timely follow up on discovery requests and timely move to compel when necessary. Defendants assert that Plaintiffs knew, or should have known, Defendants were withholding documents and should have sought to compel the production of those documents sufficiently in advance of the discovery deadline as required by Local Rule 7(b)(2)(B). Plaintiffs assert that they were unaware of an ARCADIS privilege log or any document identified therein.[3] In addition to Plaintiffs' assertion of ignorance, the record before this Court does not indicate that Plaintiffs knew, or should have known, Defendants were withholding ARCADIS documents under the claim of privilege.

Defendants assert that Plaintiffs knew Defendants would conduct a privilege review, the

---

[2] "This argument ignores the fact that plaintiff should not be required to ask for something that the Rules clearly state the defendant must provide." *Pensacola Firefighters' Relief Pension Fund Br. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 594 (N.D. Fla. 2010). "[T]he duty to produce the privilege log is immediate and absolute, and does not depend at all upon Plaintiff asking for it." *Covington v. Sailormen, Inc.*, 274 F.R.D. 692, 694 (N.D. Fla. 2011).

[3] The only withheld ARCADIS documents that the parties discussed were those identified in *Defendants'* privilege log. According to Plaintiffs, the Defendants' privilege log contained a number of entries created by, or with the assistance of, ARCADIS. Plaintiffs maintain that they believed those 17 documents listed in Defendants' privilege were the only documents related to ARCADIS that were being withheld.

parties corresponded regarding the timing of the privilege review, and Defendants did not produce a privilege log along with the ARCADIS documents. These facts simply reveal that Plaintiffs were aware that Defendants were conducting a privilege review, not necessarily that documents were withheld as privileged. Defendants ask the Court to accept the premise that a privilege review will necessarily render privileged documents and a privilege log. The Court must decline this invitation. The reason privilege reviews are conducted is to determine **whether** documents are subject to protection.

Defendants also claim that they previously produced a privilege log on behalf of Betsey Weltner, and this should have indicated to Plaintiffs that a privilege log would also be prepared for ARCADIS. This fact, however, cuts against Defendants. The fact that they had previously produce a privilege log indicates that they would produce a privilege log **if** they were withholding documents.[4] Despite the clues which, according to Defendants, should have alerted Plaintiffs to the existence of a privilege log, the record demonstrates that, prior to March 27, 2014, Defendants did not inform Plaintiffs, and Plaintiffs were not clearly aware, that Defendants were wrongfully withholding the ARCADIS privilege log.

Unlike the circumstances surrounding Defendants' privilege log, Defendants' actions regarding the ARCADIS privilege log prevented Plaintiff from complying with the requirement of Local Rule 7(b)(2)(B). Plaintiffs could not have known that a discovery motion would be necessary until the ARCADIS privilege log was produced on March 27, 2014. Accordingly, the

---

[4] Defendants also point to the facts that the ARCADIS documents were produced with an "ARCADIS" prefix, a few of the ARCADIS documents were redacted, and Defendants sought to "claw back" certain ARCADIS documents. These facts do not establish that Plaintiffs knew, or should have known, Defendants were withholding documents or a privilege log.

Court will deny Defendants' Motion to Strike as it relates to the ARCADIS privilege log, and the Court will address Plaintiffs' Motion to Compel as it relates to the ARCADIS privilege log.[5]

Plaintiffs argue that because Defendants failed to timely produce a privilege log, they have waived their claims of privilege. Indeed, a party may waive the attorney-client privilege and work product protection when it fails to give notice that a document is being withheld. "To withhold materials without such notices subjects the withholding party to sanctions under Fed. R. Civ. P. 37 and may be viewed as a waiver of the privilege or protection." L.U. Civ. R. 26(a)(1)(C). "Waiver of either the attorney-client privilege or the attorney work product privilege can . . . occur when a party fails to state a privilege objection in the 'privilege log' as required under Federal Rule of Civil Procedure 26(b)(5). *Nance v. Thompson Medical Co.*, 173 F.R.D. 178, 182 (E.D. Tex. 1997).

Defendants withheld the ARCADIS privilege log until the day before the discovery deadline. Defendants identified no good cause for withholding the privilege log, suggesting that Plaintiffs should have asked for it. As a result, Plaintiffs are unable to make a meaningful determination regarding the merits of the claims of privilege and test those merits before the Court within the time constraints of this case. Defendants' "failure to provide a privilege log is, on its own, sufficient to warrant a finding that any privilege, even if it had been established . . .,

---

[5] Stated another way, while the Motion to Compel is also untimely as to the ARCADIS documents, the Motion will not be denied on that basis under the circumstances presented.

Why Defendants bothered to serve the ARCADIS privilege log on the eve of the discovery deadline is unclear. The purpose of such a log is to allow the requesting party a chance to assess the applicability of the privileges asserted and to mount a meaningful challenge. Given that Defendants argue that it is too late for Plaintiffs to challenge the privileges invoked, Defendants' magnanimous production of the long overdue log "without prompting" is curious indeed.

has been waived. *Agee v. Wayne Farms, LLC*, 2007 WL 2903208, at *3 (S.D. Miss. Oct. 1, 2007). It is well within this Court discretion to find a waiver of the asserted privileges for failing to timely produce a privilege log. *See Galvan v. Mississippi Power Co.*, 2012 WL 5873633, at *2 (S.D. Miss. Nov. 20, 2012); *Lafayette County, MS v. Total Plan Services, Inc.*, 2008 WL 4186936, at *3 (N.D. Miss. Sept. 8, 2008).

The circumstances in this case warrant a finding that Defendants waived the privileges and protections asserted in the ARCADIS privilege log. "While waiver based on such conduct may seem like a harsh penalty, such a policy is necessary to prevent gamesmanship. If a party is allowed to withhold documents without giving opposing parties notice that the documents exist but are being withheld, the opposing party will obviously be unable to contest the validity of a privilege or protection asserted for those documents." *Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 456 (E.D. Tex. 2003) (vacated on other grounds, 2003 WL 21911333 (5th Cir. July 25, 2003)). Defendants and/or ARCADIS shall produce to Plaintiffs the documents identified in the ARCADIS privilege log.

## CONCLUSION

Plaintiffs' Motion to Compel is denied as untimely as it relates to Defendants' privilege log, but granted as it relates to the ARCADIS privilege log. Defendants' Motion to Strike is denied. Defendants and/or ARCADIS are ordered to produce to Plaintiffs the documents identified in the ARCADIS privilege log (Motion [321] Ex. W) on or before June 11, 2014.

IT IS, THEREFORE, ORDERED that:

1. Plaintiffs' Motion to Compel [321] is GRANTED in part and DENIED in part as set forth above,

2. Defendants' Motion to Strike [335] is DENIED as set forth above,

3. Defendants and/or ARCADIS, on or before June 11, 2014, shall produce to Plaintiffs the documents identified in the ARCADIS privilege log, and

4. The Clerk of Court is directed to mail, on this date, a copy of this Order to ARCADIS U.S., Inc., 10352 Plaza Americana Dr., Baton Rouge, LA 70816. Defendants are further ordered to immediately provide a copy of this Order to ARCADIS.

SO ORDERED this the 4th day of June, 2014.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge